IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Derrick Steven Buell,

    Plaintiff,

  v.                              Case No. 2:21-cv-577

Fayette County Jail,
et al.,

    Defendants.

ORDER

This is an action under 42 U.S.C. §1983 filed by Derrick Steven Buell, a state inmate, against the Fayette County Jail and Matthew Weidman, the jail administrator. Plaintiff alleged that the Fayette County Jail failed to take sufficient precautions to prevent him from being exposed to and contracting COVID-19. Plaintiff asserted that he was improperly quarantined with an inmate who had tested positive for COVID-19. Plaintiff contended that he was ill for a week with muscle aches, migraine headache, lack of taste and hot flashes, although he was not tested for COVID-19 during that period. Plaintiff claimed that jail workers have been serving food without masks or gloves. He further alleged that the jail failed to properly test and quarantine inmates pursuant to the correct guidelines and procedures and did not respond to inmate grievances concerning these matters.

On April 7, 2021, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be

granted.  28 U.S.C. §1915A(a)-(b)(1).  The magistrate judge noted that any claim against the jail and Weidman in his official capacity was in essence a claim against Fayette County, a governmental entity.  The magistrate judge concluded that plaintiff failed to allege that Fayette County had adopted and executed an official policy which violated plaintiff's constitutional rights; rather, the gist of plaintiff's claim was that jail employees had not followed the correct procedures for containing the spread of COVID-19.  The magistrate judge further observed that the complaint appeared to advance only an official capacity claim against Weidman.  The magistrate judge found that insofar as the complaint could be construed as advancing an individual-capacity claim against Weidman, plaintiff failed to assert any facts indicating that Weidman had any knowledge of or involvement in the alleged placement of a COVID-19 positive inmate in plaintiff's cell or any other failure to follow the correct procedures for managing COVID-19.  The magistrate judge recommended that this action be dismissed for failure to state a claim on which relief may be granted.

The report and recommendation specifically advised the parties that objections to the report and recommendation were due within fourteen days, and that the failure to object to the report and recommendation would result in a waiver of the right to have the district judge review the report and recommendation *de novo* and a waiver of the right to appeal the decision of the district court adopting the report and recommendation.  Doc. 4, pp. 10-11.  The time period for filing objections to the report and recommendation has expired, and no objections to the report and recommendation have been filed, nor has plaintiff filed any motion with the court

for an extension of time in which to file objections.

The court agrees with the report and recommendation (Doc. 4), and it is hereby adopted.  The complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim on which relief may be granted.  The clerk is directed to enter final judgment dismissing this case.  The motion to appoint counsel (Doc. 2) is denied.

Date: June 2, 2021                s/James L. Graham
                                         James L. Graham
                                         United States District Judge